UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES  Plaintiff

v.  Criminal Action No. 3:02-cr-021-RGJ

RODNEY ARNESS MOORE  Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant Rodney Arness Moore ("Moore") moves for appointment of counsel for purposes of evaluating eligibility for reduction of sentence under Amendment 821. [DE 178]. For the reasons below, Moore's Motion for the Appointment of Counsel [DE 178] is **DENIED**.

I.   **BACKGROUND**

On February 4, 2002, a grand jury charged Moore in a twelve-count indictment. [DE 126-3]. Counts 1, 5, and 9 charged Moore with robbery. [*Id.* at 279-80, 282, 284-85]. Counts 2, 6, and 10 charged Moore with auto theft by force, violence, or intimidation and with intent to cause death and serious bodily injury. [*Id.* at 280, 283, 285-86]. Count 3 charged Moore with carrying a weapon during and in relation to the crimes charged in Counts 1 and 2. [*Id.* at 280-81]. Count 7 charged Moore with carrying a weapon during and in relation to the crimes charged in Counts 5 and 6. [*Id.*]. Count 11 charged Moore with carrying a weapon during and in relation to the crimes charged in Counts 1 and 2. [*Id.* at 286]. Finally, Counts 4, 8, and 12 charged Moore with knowing possession of a firearm after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year. [*Id.* at 281, 284, 287]. On August 26, 2003, Moore's jury trial began, and the jury was empaneled and sworn, and testimony was introduced. [DE 77 at 5]. "[P]rior to the conclusion of the trial, [Moore] advised the Court of his desire to withdraw his

1

plea of not guilty and to enter a plea of guilty." [*Id.*]. Pursuant to a Rule 11(C)(1)(A) and (B) plea agreement, Moore pleaded guilty to all indictment counts except for Counts 7 and 11, [*id.*], which were dismissed at Moore's sentencing. [DE 87 at 39]. On December 19, 2003, the Honorable John G. Heyburn II sentenced Moore to 400 months in custody with 5 years of supervised release. [DE 87 at 41-42].

Moore now requests appointment of counsel "to represent him to see if any of the new amendments apply to the Plaintiff [sic] case." [DE 178 at 676]. He requests counsel asserting that he is "unable to afford counsel," "the issues involved in this case are complex," he has "extremely limited access to the institutions law library," and "limited knowledge of the law." [*Id.*].

## II.     ANALYSIS

Moore requests appointment of counsel.[1] [DE 172 at 648]. There is no entitlement to appointment of counsel post-trial, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), including proceedings under 18 U.S.C. § 3582(c). *See United States v. Prater*, No. 7:15-11-DCR-3, 2020 U.S. Dist. LEXIS 90385, at *3 (E.D. Ky. May 22, 2020). A district court has discretion, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require." In exercising discretion on whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

Upon review, the Court finds that the issues involved in seeking a sentence reduction under Amendment 821 are not complex or beyond the capability of an ordinary *pro se* litigant. In addition, Defendant's numerous post-conviction filings reflect his ability to present his claims to

---

[1] This is a second request for appointment of counsel as Moore requested counsel as part of his earlier Motion for compassionate release. [DE 172]. That Motion was also denied. [DE 173].

this Court. [*See* DE 175; DE 172; DE 160]. The motion for appointment of counsel will therefore be denied. *United States v. Schliebener*, No. 3:16-CR-134-CRS, 2020 WL 3862246, at *4 (W.D. Ky. July 8, 2020).

Moreover, Moore is not entitled to a sentence reduction under Amendment 821. For motions brought under § 3582(c), district courts conduct a two-step review. *See United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826-27 (2010)). In motions that rely on Amendment 821, the court must first determine if the Sentencing Commission's changes actually lowered the defendant's guidelines range and whether the reduction is consistent with applicable policy statements. Second, the court must consider the § 3553(a) factors to decide whether to exercise its discretion to reduce the defendant's sentence. Defendant's motion fails at the first step.

Amendment 821 contains two retroactive provisions. Part A of Amendment 821 decreases "status points" by one point for defendants with seven or more criminal history points and eliminates "status points" for defendants with six or fewer criminal history points. "Status points" are those points that were applied under then United States Sentencing Guideline ("U.S.S.G.") § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status. Part B of Amendment 821 provides for a decrease of two offense levels for "zero-point offenders" (no criminal history points), whose offense did not involve specific aggravating factors.

As Moore is not a "zero-point offender" the Court's analysis focuses on Part A of Amendment 821. [DE 88, ¶69]. The Court first notes that Moore was determined to be a Career

Offender pursuant to U.S.S.G §4B1.1.[2]  [DE 88, ¶58].  The Presentence Investigation Report reflected the following Criminal History Computation:

> The defendant has a subtotal of 16 criminal history points. However, Section 4A1.1(e) provides that if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under subsection (a) or (b), 2 points shall be added to the criminal history score. As the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under subsection (a), 2 points shall be added to his criminal history score. Therefore, the defendant has a total of 18 criminal history points. According to the Sentencing Table (Chapter 5, Part A), 13 or more criminal history points establishes a criminal history category of VI. However, as previously noted, as the defendant has already been determined to be a career offender pursuant to Section 4Bl.1, his criminal history category shall be VI.

[DE 88, ¶69].  This calculation reflects that even if the one status point were removed from the calculation (bringing his criminal history score to 17) it would not affect his Criminal History Category as he would remain a Category VI and therefore, not affect his guideline range or sentence.  As a result, Moore is not eligible for a sentence reduction under Amendment 821 and no further analysis is necessary.

### III.   CONCLUSION

Because Moore is not eligible for a sentence reduction under Amendment 821 and his case is not one warranting the appointment of post-conviction counsel, **IT IS ORDERED** that Moore's Motion for Appointment of Counsel [DE 178] is **DENIED**.

---

[2] The PSR sets forth the grounds for the finding of Career Offender, stating "Section 4B1.1(a) provides that a defendant is a career offender if (1) the defendant was at least 18 years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. As it appears, the defendant meets all these criteria, he is determined to be a career offender. Section 4Bl. l(b)(C) provides that where the offense statutory maximum is 20 years or more, but less than 25 years, the offense level shall be 32. Therefore, the defendant's offense level shall be 32. After a three-level reduction of acceptance of responsibility, the defendant's total offense level is 29.

Rebecca Grady Jennings, District Judge
United States District Court

August 13, 2024

Copies to:     Defendant, *pro se*